IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEILA MANNIX, ) | |
| ) | Case No. 05 C 7232 |
| Plaintiff, ) | |
| ) | Judge Virginia M. Kendall |
| v. ) | |
| ) | |
| THADDEUS MACHNIK, RAUL VEGA, ) | |
| JAMES DONEGAN, KAREN SHEILDS, ) | |
| JOHN DOE #1, et al., ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff, pro se, filed a "Motion for Clarification and Request for a 23 U.S.C. §1292(b) Certification of January 12, 2006 Order."[1] Because Plaintiff cannot meet the requirements for certification of an interlocutory appeal, and Plaintiff's request for clarification can be resolved more aptly in the context of a motion to dismiss, Plaintiff's motion is denied.

**Background**

The Court bases the following factual summary on the filings and oral representations presented to the Court. In 1993, Plaintiff or her former husband commenced divorce and custody proceedings in Lake County Circuit Court. According to representations by Plaintiff, she and her ex-husband initially received joint custody of their two children. It appears that some time between 2002 and 2005, either the ex-husband or the guardian ad litem of the two minor children moved to alter the terms of the custody arrangement on the grounds of Plaintiff's alleged mental illness. Plaintiff orally represented to the Court that the state court ordered both children removed from

---

[1] The Court construes Plaintiff's request under 28 U.S.C. §1292(b).

1

Plaintiff's custody entirely in October 2005. Of central importance to the Court, the divorce and custody proceeding before the state court remains ongoing.

On December 27, 2005, Plaintiff filed a Verified Emergency Complaint for Temporary Restraining Order before the Court[2] seeking to enjoin state officials from "prospective violation of the Civil Rights laws," specifically, preventing Defendants from prosecuting Plaintiff for action taken in defense of her constitutional rights and those of her two children. Verified Complaint at ¶ 43. Plaintiff also seeks the return of her children to her custody, and a complete review of Illinois state cases 93 D 2984 and 05 OP 1348. *Id.*

On December 30, 2005, the Court denied Plaintiff's request for a temporary restraining order ("TRO") due to Plaintiff's "inability to show a likelihood of success." On January 4, 2006, Plaintiff moved the Court to reconsider the ruling; on January 6, 2006, Defendants filed both a response and a motion to dismiss the complaint. On January 9, 2006, and again on January 12, 2006 the Court denied Plaintiff's motions to reconsider. Starting on January 18, 2006, Plaintiff filed three notices of appeal, one for of each of the Court's three denials. On January 30, 2006, Plaintiff filed the instant motion, requesting that the Court certify the denial of her request for a TRO for interlocutory appeal under 28 U.S.C. §1292(b). Her original appeal of January 18, 2006 remains pending before the Seventh Circuit.

**The Denial of the Temporary Restraining Order**

Plaintiff's Verified Emergency Complaint requests a TRO, permanent injunctive relief, complete review of two state court decisions, and the return of her children to her custody, all

---

[2]At that time, the case was assigned to a different judge in this district. On January 23, 2006, the case transferred to the present judge as part of the Executive Order creating the judge's initial calendar.

pursuant to 42 U.S.C. §1983. Plaintiff claims that Defendants, four state court judges as well as unnamed state officials, abused her constitutionally protected rights of free speech and "right to family." Complaint at ¶ 2. Specifically, Plaintiff alleges that Defendants violated principles of collateral estoppel by revisiting (and apparently reversing) a prior custody determination concerning her two minor children. *Id.* at ¶ 5. Although difficult to discern from the Complaint, it appears that Defendants removed Plaintiff's children from her custody by judicial order and placed them with their father, whom Plaintiff claims is abusive. Plaintiff alleges that Defendants took these actions as retaliation and punishment against her for exercising her constitutional rights to speech and family. *Id.* at ¶ 2.

When considering a request for a TRO, a court must examine three factors: (1) the likelihood of success on the merits; (2) the lack of an adequate remedy at law; and (3) the degree of irreparable harm if the order is not issued. *See Foodcom Inter. v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003). The Court denied Plaintiff's request for a TRO due to Plaintiff's inability to meet her burden to show a likelihood of success on the merits.

Defendants provide two independent grounds for dismissal of the case. First, Defendants represent that the actions underlying Plaintiff's §1983 claim are the subject of a pending state court divorce proceeding. Def. Resp. in Opp., January 30, 2006 at ¶ 3. Second, Defendants represent that the named Defendants in this action are state court judges, and that the actions underlying the complaint before the Court are judicial orders adverse to Plaintiff. *Id.* at ¶ 4. Plaintiff therefore has little likelihood of success on the merits of her claim.

The domestic relations exception to federal jurisdiction, established by the Supreme Court in *Ankenbrandt v. Richards*, bars federal courts from adjudicating claims related to divorce and custody. 504 U.S. 689, 112 S.Ct. 2206 (1994); *see also Allen v. Allen,* 48 F.3d 259, 262 (7th Cir.

3

1995). The fact that Plaintiff attempts to raise constitutional claims does not create an exception to this bar to federal jurisdiction. *Allen*, 48 F.3d at 262.

Even if Plaintiff could present a reason that would negate the domestic relations exception to federal jurisdiction, federal courts must abstain from enjoining ongoing custody disputes under the *Younger* abstention doctrine. *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002), *citing Younger v. Harris*, 401 U.S. 37 (1971). Federal courts must abstain from enjoining an ongoing state court proceeding if that proceeding (1) is judicial in nature, (2) implicates important state interests, (3) offers an adequate opportunity for review of constitutional claims, and (4) does not present extraordinary circumstances making abstention inappropriate. *Id.* Divorce and custody proceedings, judicial in nature, traditionally have been viewed as "important state interests" meriting abstention. *See Moore v. Sims*, 442 U.S. 415, 435 (1979); *Parejko v. Dunn County Circuit Court*, –F. Supp. 2d –, 2006 WL 75295 (W.D. Wis., Jan. 12, 2006). Plaintiff has constitutional remedies available on direct appeal within the state court system, as Defendants represent that Plaintiff has not yet availed herself of any state court appellate review. *See Brunken v. Lance*, 807 F.2d 1325, 1331 (7th Cir. 1986) ("state courts are just as able to enforce federal constitutional rights as federal courts"). While the Court has sympathy for Plaintiff's frustration in her domestic relations dispute, custody disputes generally do not rise to the level of "extraordinary circumstances" negating the requirement of abstention. *See Adam v. Frantz*, 2002 WL 32341816, *5 (W.D. Wis. May 10, 2002), *citing Moore*, 442 U.S. at 434-35.

Should Plaintiff overcome the first hurdle of the Court's lack of jurisdiction over domestic relations matters, Plaintiff faces a second hurdle that the judicial officers she has sued were acting within their official capacity. The plain language of section 1983 defines a specific exception that prohibits injunctive relief for acts "brought against a judicial officer for an act or omission taken in

4

such officer's judicial capacity." *See* 42 U.S.C. §1983. Given the representations of Defendants, Plaintiff's claims likely will be barred by the doctrine of judicial immunity in additional to jurisdictional grounds.[3]

**Certification for Interlocutory Appeal**

Plaintiff already filed an appeal of the Court's denial of the TRO, presumably under 28 U.S.C. §1292(a), which permits direct interlocutory appeal of injunctive rulings. Plaintiff now requests that the Court also certify the denial of the TRO for interlocutory appeal pursuant to 28 U.S.C. §1292(b). For a district court to certify a question for interlocutory appeal under 28 U.S.C. §1292(b), "there must be a question of *law*, it must be *controlling*, it must be *contested*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Board of Trustees of the Univ. of Ill.,* 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original); *see* 28 U.S.C. § 1292(b).[4] The Seventh Circuit has instructed district courts not to certify interlocutory orders for appeal under § 1292(b) "[u]nless *all* these criteria are satisfied...." *Id.* at 676 (emphasis in original).

Neither the Court's December 30, 2005 denial of Plaintiff's Emergency Complaint for a Temporary Restraining Order, nor the Court's January 9, 2006 and January 12, 2006 denials of reconsideration, satisfy the criteria set forth in *Ahrenholz*. In order to qualify for interlocutory appeal, the issue to be appealed must be a "*contested* question of law," defined as one creating a "substantial ground for difference of opinion." *See* 28 U.S.C. §1292(b). As discussed above, the

---

[3]The Court has not ruled on Defendants' Motion to Dismiss, and does not intend this ruling on interlocutory certification of the district court's denial of Plaintiff's request for a TRO to control that motion, which is still being briefed.

[4]Defendants do not dispute that Plaintiff met the fifth, non-statutory requirement for certification under Section 1292(b), that the petition for certification be filed within a reasonable time. *Ahrenholz*, 219 F.3d at 675-76.

5

three principles underlying the Court's denial of the TRO - lack of subject matter jurisdiction over domestic relations matters, *Younger* abstention, and judicial immunity - are all well-settled principles bound by controlling precedent in this Circuit.

Although Plaintiff has not succeeded in showing the required elements for interlocutory appeal, Plaintiff has not lost her ability to seek appellate review of the TRO in the future. All parties may appeal all rulings, including interlocutory rulings, once a final order has been entered in a case. *See Glass v. Dachel,* 2 F.3d 733, 738 (7th Cir.1993) ("[W]hen the appellant appeals the final judgment, that judgment necessarily incorporates all earlier interlocutory decisions.").

**Remaining Claims Dismissed Without Prejudice**

In addition to her request for interlocutory appeal, Plaintiff also moved to clarify two additional issues: (i) the federal question before the Court, and (ii) the existence of a conflict of interest between Defendants and their counsel. Both of these matters are the subject of Defendants' pending Motion to Dismiss. Because the Court can address these issues more appropriately in the context of a motion to dismiss, the Court denies the motions to clarify without prejudice to Plaintiff to raise these issues as part of Plaintiff's response to the Motion to Dismiss.

THEREFORE, the motion to clarify and to certify the denial of the TRO for appeal pursuant to 28 U.S.C. §1292(b) is denied.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Dated: March 3, 2006