IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEILA MANNIX, ) | |
| ) | Case No. 05 C 7232 |
| Plaintiff, ) | |
| ) | Judge Virginia M. Kendall |
| v. ) | |
| ) | |
| THADDEUS MACHNIK, RAUL VEGA, ) | |
| JAMES DONEGAN, KAREN SHEILDS, ) | |
| JOHN DOE #1, et al., ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Sheila Mannix, ("Plaintiff"), filed a complaint *pro se* seeking a temporary restraining order pursuant to 42 U.S.C. §1983, which order would enjoin the four named Defendants from abusing the constitutional rights of Plaintiff and her two minor children. The Defendants, all state court judges, have filed a motion to dismiss (i) for lack of subject matter jurisdiction on the basis of the *Rooker-Feldman* doctrine, the domestic relations exception, and *Younger* abstention, and (ii) for failure to state a claim upon which relief can be granted due to the doctrine of judicial immunity. Because this Court does not have jurisdiction to hear claims stemming from ongoing state court domestic relations proceedings, and because judicial immunity bars suits against judges for acts performed in their official capacity, Plaintiff's claims before this court are dismissed.

**Background**

The Court summarized the facts of Plaintiff's complaint and the history of the federal court proceedings in this case as part of its March 3, 2006 Memorandum Opinion and Order, and reprints that summary here. In 1993, Plaintiff or her former husband commenced divorce and custody

1

proceedings in Lake County Circuit Court. According to representations by Plaintiff, she and her ex-husband initially received joint custody of their two children. It appears that some time between 2002 and 2005, either the ex-husband or the guardian ad litem of the two minor children moved to alter the terms of the custody arrangement on the grounds of Plaintiff's alleged mental illness. Plaintiff orally represented to the Court that the state court ordered both children removed from Plaintiff's custody entirely in October 2005. Of central importance to the Court, the divorce and custody proceeding before the state court remains ongoing.

On December 27, 2005, Plaintiff filed a Verified Emergency Complaint for Temporary Restraining Order before the Court[1] seeking to enjoin state officials from "prospective violation of the Civil Rights laws," specifically, preventing Defendants from prosecuting Plaintiff for action taken in defense of her constitutional rights and those of her two children. Verified Complaint at ¶ 43. Plaintiff also seeks the return of her children to her custody, and a complete review of Illinois state cases 93 D 2984 and 05 OP 1348. *Id.*

On December 30, 2005, the Court denied Plaintiff's request for a temporary restraining order ("TRO") due to Plaintiff's "inability to show a likelihood of success." On January 4, 2006, Plaintiff moved the Court to reconsider the ruling; on January 6, 2006, Defendants filed both a response and a motion to dismiss the complaint. On January 9, 2006, and again on January 12, 2006 the Court denied Plaintiff's motions to reconsider. Starting on January 18, 2006, Plaintiff filed three notices of appeal, one for of each of the Court's three denials. The Court of Appeals consolidated each of the three notices into a single appeal, which remains pending before the Seventh Circuit.

---

[1] At that time, the case was assigned to a different judge in this district. On January 23, 2006, the case transferred to the present judge as part of the Executive Order creating the judge's initial calendar.

On January 30, 2006, Plaintiff requested that the Court certify the denial of her request for a TRO for interlocutory appeal under 28 U.S.C. §1292(b). The Court denied Plaintiff's request on March 3, 2006, on the grounds that the TRO did not involve a contested question of law. Since January 30, 2006, Plaintiff has also filed a petition for writ of habeas corpus, and a motion for appointment of counsel pursuant to 18 U.S.C. §1514(a)(2), both of which have been denied by the Court for lack of standing.

Defendants move for dismissal of the case on two independent grounds. First, Defendants state that the actions underlying Plaintiff's section 1983 claim are the subject of a pending state court divorce and custody proceeding, and are therefore barred by the *Rooker-Feldman* doctrine or, in the alternative, by *Younger* abstention. Second, Defendants argue that the doctrine of judicial immunity bars Plaintiff's claims, because the named Defendants in this action are state court judges and the actions underlying the complaint before the Court are judicial orders adverse to Plaintiff. *Id.* at ¶ 4. While the Court does not believe that *Rooker-Feldman* applies cleanly to this case, the Court agrees the domestic relations exception bars jurisdiction over this matter, and that abstention from interference with an ongoing proceeding is also appropriate in this case. The Court also agrees that judicial immunity forms an independent ground for dismissal.

**Standard of Review**

Defendants move for dismissal of Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be entertained by the Court at any time, because "jurisdiction is the 'power to declare law' and without it the federal courts cannot proceed."

*Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005), *quoting Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

A complaint will not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In so examining, the Court must take all allegations in the complaint as true, and draw all reasonable inferences in the light most favorable to the plaintiff. *Pickrel v. City of Springfield,* 45 F.3d 1115, 1117 (7th Cir. 1995). To survive a motion to dismiss, a plaintiff "need not plead particular legal theories or particular facts in order to state a claim." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).

## *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine bars federal courts from hearing collateral attacks on state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Likewise, a federal district court may not review a claim that was not argued before the state court, but is "inextricably intertwined" with a state court judgment such that the district court is "in essence being called upon to review the state court decision." *Wright v. Tackett*, 39 F.3d 155, 157 (7th Cir. 1994).

While the Court agrees that this case should be dismissed for lack of jurisdiction, the Court does not believe that the *Rooker-Feldman* doctrine cleanly applies to the case before it. The Seventh Circuit has stated that conclusory constitutional claims that are "inextricably intertwined" with previous state court determinations are barred by *Rooker-Feldman*. *See id.* But, the state court action forming the basis of Plaintiff's complaint is not a final judgment, as the state court

4

proceedings are ongoing. *See Manley v. City of Chicago*, 236 F.3d 392, 396 (7th Cir. 2001) (holding that the *Rooker-Feldman* doctrine "precludes lower federal courts from exercising jurisdiction over claims that would require them to review a final judgment of a state court.") The action forming the basis for Plaintiff's TRO request - the custody transfer of Plaintiff's two minor children from Plaintiff to Plaintiff's former husband - is at most an interlocutory judicial order, although the record suggests that even this transfer may be merely temporary pending further evaluation of the Plaintiff's capacity to care for the children. Recently, courts have called into question whether *Rooker-Feldman* applies to interlocutory orders as well as final judgments. *See e.g. Soad Wattar Living Trust of 1992 v. Jenner & Block, P.C.*, 2005 WL 1651191 at *2-3 (N.D. Ill. 2005). The Court need not rely on the *Rooker-Feldman* doctrine in this instance to determine if Plaintiff's claims are properly before the court, whether plaintiff has a final order within her divorce proceeding, or whether she is seeking review of an interlocutory order, because the Court relies upon the doctrines of *Younger* abstention and the domestic relations exception to dismiss Plaintiff's claims.

## Domestic Relations Exception & *Younger* Abstention

The domestic relations exception to federal jurisdiction, established by the Supreme Court in *Ankenbrandt v. Richards*, bars federal courts from adjudicating claims related to divorce and custody. 504 U.S. 689 (1992); *see also Allen v. Allen,* 48 F.3d 259, 261-62 (7th Cir. 1995). The fact that Plaintiff attempts to raise constitutional claims does not create an exception to this bar to federal jurisdiction. *Allen*, 48 F.3d at 262. Plaintiff's prayer for relief is the return of her children to her custody; the children were removed by judicial order entered by one of Defendants as part of an ongoing divorce and custody proceeding in Illinois state court. Divorce and custody proceedings go to the core of the domestic relations exception. *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th

5

Cir. 1998). While couched in terms of conspiracy against all children in the United States, the Plaintiff's prayer for relief reveals that Plaintiff seeks redress for the alleged actions by the return of her children to her custody. Reversal of a custody determination is a classic example of a case where the domestic relations exceptions need apply. *See Allen*, 45 F.3d at 262 (confirming that the adjudication of a custody dispute belongs in state court, and that the "amorphous constitutional claims" would not evade the exception ). Therefore, the Court lacks subject matter jurisdiction to hear Plaintiff's case.[2]

Even if Plaintiff could present a reason that would negate the domestic relations exception to federal jurisdiction, federal courts must abstain from enjoining ongoing custody disputes under the *Younger* abstention doctrine. *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002), *citing Younger v. Harris*, 401 U.S. 37 (1971). Federal courts must abstain from enjoining an ongoing state court proceeding if that proceeding (1) is judicial in nature, (2) implicates important state interests, (3) offers an adequate opportunity for review of constitutional claims, and (4) does not present extraordinary circumstances making abstention inappropriate. *Id.* Divorce and custody proceedings, judicial in nature, traditionally have been viewed as "important state interests" meriting abstention. *See Moore v. Sims*, 442 U.S. 415, 435 (1979); *Parejko v. Dunn County Circuit Court*, 408 F. Supp. 2d 704, 707 (W.D. Wis. 2006). Plaintiff has constitutional remedies available on direct appeal within the state court system, as Defendants represent that Plaintiff has not yet availed herself of any state court appellate review. *See Brunken v. Lance*, 807 F.2d 1325, 1331 (7th Cir. 1986) ("state

---

[2]The Court notes that the Seventh Circuit recently reversed the dismissal of a conspiracy case filed by a divorcee, alleging corruption in the state divorce process. *See Loubser v. Thacker*, – F.3d –, 2006 WL 549011 (7th Cir. 2006). *Loubser* is distinguishable from the case before the Court. The plaintiff in *Loubser* sought monetary damages in federal court after the state court proceedings had completed, and the plaintiff had unsuccessfully appealed. By contrast, Plaintiff in this case seeks the reversal of a custody determination in an ongoing state court proceeding, a traditional area protected by the domestic relations exception, without availing herself of any state court procedures for reconsideration.

courts are just as able to enforce federal constitutional rights as federal courts"); *Parejko*, 408 F. Supp. 2d at 707. These remedies include the ability to take an expedited appeal of the custody determination, as specifically permitted by Illinois statute. *See* Illinois Supreme Ct. R. 306A ("Expedited Appeals in Child Custody Cases"). Custody disputes generally do not rise to the level of "extraordinary circumstances" negating the requirement of abstention. *See Moore*, 442 U.S. at 434-35 (child custody order does not create great, immediate, and irreparable harm meriting federal court intervention). While the Court recognizes the difficulties that Plaintiff has experienced seeking to regain custody of her children, and also sympathizes with her obvious distress over the state court's ruling; the ruling remains part of an ongoing state court proceeding and requires this Court to abstain from interfering. The state court judge who is handling the divorce and custody proceedings has the most knowledge of the history of the case, the reasons for the custody rulings and has expertise in the area of domestic relations making that forum the most appropriate place for the resolution of the custody dispute. In spite of Plaintiff's efforts to frame the issues as something other than a domestic relations custody battle, the relief she seeks is the custody of her children, and as such, she must continue to seek that relief in the state domestic relations forum.

### Judicial Immunity

Defendants raise judicial immunity as an additional and independent ground for dismissal of Plaintiff's claim. The plain language of section 1983 defines a specific exception prohibiting injunctive relief for acts "brought against a judicial officer for an act or omission taken in such officer's judicial capacity." *See* 42 U.S.C. §1983. Judicial immunity bars suits against judges for official judicial acts, including suits brought pursuant to Section 1983. *See Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). The only allegations in the complaint against Defendants are for

7

actions in their official capacity, whereby Defendants allegedly violated the constitutional rights of Plaintiff and her two minor children by awarding Plaintiff's former husband sole custody. Therefore, Plaintiff has failed to state a claim upon which relief can be granted, and this case will be dismissed.

WHEREFORE, the claims of the Plaintiff are dismissed for lack of subject matter jurisdiction and on the basis of judicial immunity, and this case is terminated.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

March 24, 2006