

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

Submitted June 28, 2007[*]
Decided July 3, 2007

CERTIFIED COPY
FILED
AUG 0 3 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
A True Copy;
Teste:
Clerk of the United States
Court of Appeals for the
Seventh Circuit

Before

Hon. FRANK H. EASTERBROOK, Chief Judge

Hon. JOHN L. COFFEY, Circuit Judge

Hon. DANIEL A. MANION, Circuit Judge

| | |
|---|---|
| Nos. 06-2120, 06-2369 & 06-2435 | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| SHEILA MANNIX, *Plaintiff-Appellant*, | |
| v. | No. 05 C 7232 |
| THADDEUS MACHNIK, *et al.*, *Defendants-Appellees*. | Virginia M. Kendall, *Judge*. |

### Order

Sheila Mannix is a disappointed litigant. In 1993 the state judiciary awarded Mannix custody of the two sons born or conceived during her marriage to Daniel Sheetz. The decree was modified in 2004 so that Mannix and Sheetz shared custody of the children, and further modified in 2005 to give Sheetz sole custody. The decree as modified in 2005 severely restricts Mannix's access to her sons.

Mannix then filed this federal suit under 42 U.S.C. §1983 against four state judges and unspecified "John Doe" defendants. She has since attempted to add three additional judges as defendants. Mannix wants the federal court to issue an injunction requiring the state judges to place her sons back in her custody. (It is possible that she also seeks damages, but the state judges have absolute immunity

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

with respect to damages, though not with respect to prospective relief. See *Pulliam v. Allen*, 466 U.S. 522 (1984).)

The district court dismissed the suit under what it called "the domestic-relations exception" to federal jurisdiction. Whether there is such a generic exception to *all* federal jurisdiction is doubtful. The Supreme Court has consistently described this doctrine as an interpretation of 28 U.S.C. §1332, the diversity jurisdiction, see *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), rather than as a rule for all sources of jurisdiction. Cf. *Marshall v. Marshall*, 547 U.S. 293 (2006) (no "probate exception" to the bankruptcy jurisdiction). Mannix's action does not depend on §1332. It rests on §1331 (federal-question jurisdiction) and §1343(a) (civil-rights jurisdiction).

We need not decide whether there is a "domestic-relations exception" so sweeping that it would block prospective relief under the civil-rights laws even if a state should adopt an unconstitutional substantive or procedural norm. Cf. *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996) (holding unconstitutional a state rule under which parental rights could be terminated because of inability to pay record transcription costs); *Palmore v. Sidoti*, 466 U.S. 429 (1984) (holding unconstitutional a state rule that a parent's race can determine the award of custody); *Loubser v. Thacker*, 440 F.3d 439 (7th Cir. 2006) (Constitution forbids decision of child-custody disputes by a bribed judiciary). For Mannix does not seek prospective relief against a statute or rule that is said to be unconstitutional. Instead she contends that the state judiciary has erred in her particular case, and arguments of that kind must be pursued on appeal through the state system rather than by an independent federal suit. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Claims for prospective relief against the original four defendant judges are moot. One has died; two have recused themselves; the fourth was involved only to preside over a motion for recusal. But Mannix has proposed to add three more state judges as defendants, and her appeal from the denial of the motion to amend the complaint to add these additional defendants cannot be treated as moot.

But the *Rooker-Feldman* doctrine means that any relief from the adverse decision must be pursued through the state appellate system (with the option of seeking certiorari from a final judgment). The core meaning of that doctrine, as the Court stressed in *Lance v. Dennis*, 546 U.S. 459 (2006), and *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), is that federal district courts cannot review the merits of decisions made by state courts in civil litigation. To the extent that Mannix wants an injunction that will alter the state court's allocation of custody and the level of child-support payments her ex-husband must provide, the *Rooker-Feldman* doctrine is a jurisdictional bar.

To the extent that Mannix wants an injunction that will govern future proceedings in state court—for all custody decrees are open to revision in light of additional information about the children's best interests—the initial problem is the Anti-Injunction Act, 28 U.S.C. §2283, which says that federal courts cannot by injunction govern the conduct of state litigation. Whatever wriggle room is allowed by *Mitchum v. Foster*, 407 U.S. 225 (1972), which holds that §1983 is an exception to §2283, is cabined by *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1 (1987), which adds that

federal courts must abstain from disrupting ongoing state litigation in all but the most extraordinary situations. See also *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (applying this principle to litigation about child custody). There is nothing extraordinary about Mannix's situation. She maintains that Sheetz has deceived the state judges into making bad decisions, but as we have said that argument is person-specific. She does not accuse Illinois of making child custody depend on race or any other attribute placed off limits by the Constitution.

Mannix appears to believe that any judge who renders a decision adverse to her must be biased. She maintains that the federal district judge should have recused herself. *Liteky v. United States*, 510 U.S. 540 (1994), is a sufficient answer to this line of argument. None of Mannix's other contentions requires separate discussion.

AFFIRMED